UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 7 |
| Shawntel C. Nelson, | Case No. 19-41453 |
| Debtor. / | Hon. Phillip J. Shefferly |
| Shawntel C. Nelson, | Adversary Proceeding No. 19-4326-PJS |
| Plaintiff, | |
| v. | |
| Lone Pine Acquisitions, LLC, | |
| Defendant. / | |

## OPINION REGARDING CROSS MOTIONS FOR SANCTIONS

### Introduction

This opinion addresses two cross motions filed by opposing attorneys against one another, each requesting an award of thousands of dollars of sanctions because of a subpoena issued following a default judgment in an adversary proceeding. The total amount in controversy in the complaint filed in the adversary proceeding that led to all this is $771.38. For the following reasons, the Court will award $700.00

to the debtor — who issued the subpoena — and will not award anything to the person who fought the subpoena.

## Background

The following facts are taken from the Court file and are not in dispute except where noted.

On February 1, 2019, Shawntel C. Nelson ("Debtor") filed a Chapter 7 bankruptcy case. The Debtor's schedules list Lone Pine Acquisitions, LLC ("Lone Pine") as one of her creditors. The Debtor's schedules also list an asset consisting of a claim held by the Debtor against Lone Pine for wages that Lone Pine garnished from the Debtor within 90 days before she filed her bankruptcy case. The Debtor claimed an exemption in this asset.

The Debtor's bankruptcy case was uneventful. The Chapter 7 trustee filed a no asset report, the Debtor received a discharge and the case was closed on May 18, 2019. On February 7, 2019, while the bankruptcy case was open, the Debtor made a written demand for Lone Pine to return the garnished funds. Lone Pine did not respond, and the Debtor did not take any formal action to recover the garnished funds from Lone Pine before her bankruptcy case was closed.

On July 18, 2019, the Debtor filed an ex parte motion to reopen her bankruptcy case as permitted by Local Bankruptcy Rule 5010-1(a). The Debtor's motion stated that the reason she wanted the case reopened was to bring an adversary

proceeding to recover the garnished funds from Lone Pine. Consistent with its ordinary practice governing a motion to reopen a closed bankruptcy case, the Court reviewed the Debtor's motion under § 350(b) of the Bankruptcy Code, which permits the Court to reopen a closed bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause." The Court granted the motion and reopened the bankruptcy case.

On July 29, 2019, the Debtor filed a complaint against Lone Pine to recover $771.38 of garnished funds. On July 31, 2019, the Debtor filed a proof of service stating that the summons and complaint were served by regular mail on "Mark A. Fishman," the registered agent for Lone Pine.[1] Under Fed. R. Bankr. P. 7004(b)(3), that is a permissible manner of service of a summons and complaint in an adversary proceeding.

On September 4, 2019, the Court entered a default against Lone Pine under Fed. R. Bankr. P. 7055 because Lone Pine failed to timely answer or otherwise respond to the complaint.

On September 12, 2019, the Debtor moved for a default judgment which the Court granted on September 13, 2019. The default judgment was in the total amount of $1,016.38, consisting of $771.38 of garnished funds and $245.00 of costs,

---

[1] The correct spelling of his name is Marc A. Fishman.

together with interest thereafter at the judgment rate. Lone Pine did not appeal or otherwise seek any relief from the default judgment.

On February 6, 2020, and with the default judgment unpaid, Mark B. Berke ("Berke"), the attorney for the Debtor, delivered a discovery subpoena ("Subpoena") to Lone Pine. The proof of service states that the Subpoena was "delivered to assistant with instructions to deliver to subpoenaed party, Marc A. Fishman." The Subpoena required the production on February 21, 2020 of 27 separate, detailed categories of documents, some going back three years, others just to January 1, 2019. The Subpoena also required Marc A. Fishman (hereafter referred to as "Fishman") to appear for an examination on February 21, 2020 at 2:00 p.m.

On the same day that Berke delivered the Subpoena, he received two emails from Ryan Fishman, an attorney with the Fishman Group, P.C. at 800 West Long Lake Road, Suite 170, Bloomfield Hills, Michigan 48302. The emails do not say who Ryan Fishman represents, although they do say that "our office is not representing Lone Pine in this matter." The emails also do not say whether Ryan Fishman is related in any way to Fishman, although the Court learned at the hearings subsequently held in this dispute that Ryan Fishman is Fishman's son. The two emails object that the Subpoena was not a lawfully issued subpoena and was not properly served. The emails also state that "Mr. Fishman as prior counsel to Lone

Pine asserts the attorney/client privilege. . . ." The emails threaten Rule 11 sanctions against Berke.

On March 20, 2020, the Debtor filed a motion ("Debtor Motion") (ECF No. 12) requesting an order directing Fishman to appear at a hearing to show cause why the Court should not hold him in contempt under Fed. R. Civ. P. 45(g), as incorporated by Fed. R. Bankr. P. 9016. The proof of service states that the Debtor Motion was mailed to Fishman at "his last known address" of 800 West Long Lake Road, Suite 170, Bloomfield Hills, Michigan 48302. On April 10, 2020, the Debtor filed a certificate stating that Fishman did not respond to the Debtor Motion within the time permitted by Local Bankruptcy Rule 9014-1.

Based on the absence of any response to the Debtor Motion, on April 13, 2020 the Court entered an order scheduling a show cause hearing for May 8, 2020. Following that order, and in advance of the hearing, Fishman filed two papers: a brief ("Brief") (ECF No. 16) in response to the show cause order, and a motion ("Fishman Motion") (ECF No. 19) to quash the Subpoena. Because the Fishman Motion was just filed on May 1, 2020, the time for the Debtor to respond to it had not yet expired by the time of the May 8, 2020 hearing. Therefore, the Court did not hear the Fishman Motion at that hearing and said it would only hear the Fishman Motion once the Debtor responded to it. However, the Court did hear the arguments made in the Brief at the show cause hearing on May 8, 2020.

The Brief argued that the Court should not make a finding of contempt under Rule 45(g) because the rule only permits such finding if the person served with the subpoena "fails without adequate excuse to obey the subpoena." Fishman asserted in the Brief that he had "adequate cause" because: (1) the Debtor did not timely file the complaint in this adversary proceeding; (2) the Subpoena was not properly issued or served; (3) the Subpoena improperly sought documents that are protected by the attorney/client privilege; and (4) Fishman had timely objected to the Subpoena.

The Court overruled Fishman's objection regarding the timeliness of the Debtor's complaint in this adversary proceeding, noting that the Defendant did not answer the complaint and did not either appeal or seek relief from the default judgment. The Court also overruled Fishman's objection to the issuance and service of the Subpoena, noting that Berke (i) was authorized by Rule 45(a)(3) to issue the Subpoena; (ii) was authorized by Rule 45(b)(1) to serve the Subpoena; and (iii) had served the Subpoena in the manner required by Rule 45(b)(1).

The Court did not rule on Fishman's other objections for two reasons. First, those objections also formed the basis for the Fishman Motion, and the Debtor had just been served with the Fishman Motion and had not yet responded to it. The Court explained that once the Debtor responded to the Fishman Motion, the Court would hold a hearing on it, so it made sense to continue the show cause hearing to the same time and hear both matters together. Second, given the small amount of the default

judgment — $1,016.38 — and the rapidly growing stack of pleadings being filed, the Court strongly encouraged the parties to stop spending their time fighting and instead work together to resolve this matter without having to come back to Court on the remaining issues raised in the Brief and the Fishman Motion. Following the hearing, the Court entered an order (ECF No. 22) that memorialized the rulings that it made and continued the hearing to June 5, 2020. The order also stated that

> the Court strongly encourages the parties to confer in good faith to try to resolve this matter. As explained by the Court on the record, the amount of money in controversy and the legal issues involved in this dispute suggest to the Court that it is not in either party's best interest to continue this dispute. The Court remains confident that the parties, both of whom are represented by experienced, competent counsel, will be able to resolve this dispute without the need for further proceedings. However, if the parties are unable to do so, the Court will rule on all issues raised by both motions at the adjourned hearing.

When the Court reviewed the file a few days in advance of the adjourned hearing, the Court noticed that the only docket entry since the May 8, 2020 hearing was the Debtor's May 15, 2020 response (ECF No. 24) to the Fishman Motion. Without any indication in the file that the parties had taken the Court's strong advice to settle this relatively small but rapidly escalating matter, it appeared that the Court would need to hold the hearing and rule on the issues raised by the parties. No problem. The Court then reviewed the arguments raised in the parties' papers, which by then had become voluminous.

The Fishman Motion made the same arguments that Fishman raised in the Brief, plus other arguments, including one that focused on how unduly burdensome the Subpoena was in light of the small amount in controversy. The Debtor's response to the Fishman Motion made several arguments including that the Fishman Motion was untimely, and that Fishman had failed to comply with the requirements of Rule 45(e)(2) governing the assertion of attorney/client privilege.

When the case was called at the adjourned hearing, the parties advised the Court of some late breaking news. At 10:07 p.m. the evening before the hearing, Fishman filed a notice (ECF No. 26) stating that Lone Pine had mailed the Debtor a check on May 26, 2020 in the "full amount of the judgment, plus interest." The notice further stated that the Debtor cashed the check on May 30, 2020. Attached to the notice is a check for $1,027.79, made payable to and endorsed by the Debtor with language stating that "endorsement of this check constitutes settlement in full & release of all & any claims." Berke did not dispute that the check was sent to and cashed by his client but told the Court that he did not know about the check until he saw the notice filed late the night before the hearing. Fishman did not say anything one way or the other as to why Lone Pine had sent this check directly to Berke's client without notifying him.

With the default judgment now having been paid, obviating any need for the Debtor to conduct any post-judgment discovery from Lone Pine, the Court inquired

- 8 -

19-04326-pjs    Doc 31    Filed 06/22/20    Entered 06/22/20 15:29:10    Page 8 of 16

of the Debtor and Fishman precisely what relief, if any, that either of them still wanted from the Court, and what legal authority they rely on for such relief. Not surprisingly, neither of them requested any relief regarding whether the Subpoena should be enforced or quashed. But each of them requested an award of attorney fees against the other.

The Debtor requested an award of attorney fees in the amount of $4,592.00, consisting of 16.4 hours of Berke's time at $280.00 per hour. Fishman requested an award of attorney fees in the amount of $4,480.00, consisting of 12.8 hours of time expended by Fishman's attorney, Wade Fink, at $350.00 per hour.

The Court took both motions under advisement.

### Legal standard regarding attorney fees

Ordinarily, as explained by the Supreme Court, each party to a dispute pays for its own attorney fees: "'the basic point of reference when considering an award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'" Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121, 126 (2015) (quoting Hardt v. Reliance Standard Life Ins. Co., 562 U.S. 242, 252-53 (2010)).

### The Debtor's request for attorney fees

For her request for an award of attorney fees, the Debtor relies on Rule 45(g), and on Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 447 (1911) (comparing

- 9 -

civil and criminal contempt in a labor relations dispute) and <u>Redken Labs., Inc. v. Levin</u>, 843 F.2d 226, 229-30 (6th Cir. 1988) (addressing sanctions for civil contempt in the context of an injunction for a trademark violation). Under Rule 45(g), the court that issues a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena[.]" "Sanctions for civil contempt may include the award of compensatory damages for losses incurred [and] payment of attorneys' fees and costs . . . ." <u>In re Seal</u>, 192 B.R. 442, 455 (Bankr. W.D. Mich. 1996) (citation omitted).

The Debtor argues that an award of attorney fees is warranted because Fishman did not have an adequate excuse not to obey the Subpoena. Fishman argues that he did have an adequate excuse. Rule 45(d)(2)(B) permits a party who is served with a subpoena to make and serve a "written objection" to a subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fishman correctly notes that Ryan Fishman sent an email to Berke objecting to the Subpoena on February 6, 2020, the same day the Subpoena was served and well within the time permitted. Fishman argues that the objections in this email provided an adequate excuse not to comply with the Subpoena.

Ryan Fishman's email had five numbered paragraphs. The first four paragraphs all objected to the issuance and service of the Subpoena. The Court overruled all those objections at the hearing on May 8, 2020. Paragraph 5 of the

email read in its entirety as follows: "Mr. Fishman as prior counsel to Lone Pine asserts the attorney/client privilege in response to form letter you have submitted and it would be a violation of the Michigan Rules of Professional Conduct to provide responses in any format." However, to properly invoke an attorney/client privilege in response to a subpoena requires much more under Rule 45(e)(2)(A) and (B). A person asserting the privilege must expressly make the claim, and describe the nature of the withheld documents, communications, or tangible things that will enable the parties to assess the claim of privilege. Paragraph 5 of Ryan Fishman's email did not do this.

None of the objections to the Subpoena made in Ryan Fishman's email have merit. They did not provide Fishman with an adequate excuse for not complying with the Subpoena.

The Fishman Motion to quash the Subpoena was no help either. Under Rule 45(d)(3)(A), a court is required to quash a subpoena in certain described circumstances, but only on "timely motion." The Subpoena was issued and served on February 6, 2020. It required compliance by February 21, 2020. When Fishman failed to comply, the Debtor filed the Debtor Motion on March 20, 2020. On April 13, 2020, the Court entered a show cause order scheduling a hearing for May 8, 2020. The Fishman Motion was not filed until after all these events took place. By any measure it was not a timely motion, and since it was only filed long after the

time permitted for objections and compliance, it did not provide Fishman with an adequate excuse for not complying with the Subpoena.

Fishman did not have an adequate excuse for his failure to comply with the Subpoena. Fishman ignored the complaint and the default judgment. Fishman then ignored the Subpoena until forced to deal with it when the Court entered a show cause order. Rule 45 provides a mechanism for a person to object to or quash a subpoena when there is some substantive or procedural defect in the subpoena. But it does not allow a person to just ignore it. The Debtor is entitled to an award of attorney fees for Fishman's failure to comply with the Subpoena without adequate excuse. Before determining a reasonable amount to award to the Debtor, the Court will first turn to the Fishman Motion's request for an award of attorney fees.

### Fishman's request for attorney fees

For his request for an award of attorney fees, Fishman relies on New Prods. Corp. v. Dickinson Wright PLLC (In re Modern Plastics Corp.), 890 F.3d 244 (6th Cir. 2018), Local Rule 37.1, and the Court's inherent authority to sanction conduct where its orders are not complied with and where there is bad faith. The local rule cited by Fishman does not apply because it is a Local District Court Rule, not a Local Bankruptcy Rule. The case law cited by Fishman correctly states the applicable standard for Fishman's request. "'A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue

burden or expense on a person subject to the subpoena.'" In re Modern Plastics, 890 F.3d at 250-51 (quoting Fed. R. Civ. P. 45(d)(1)). "'The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.'" Id. at 251 (quoting Fed. R. Civ. P. 45(d)(1)).

However, as explained earlier, the Fishman Motion was not timely. For that reason alone, its request for an award of attorney fees must be denied. It is also worth noting that — with one exception — the arguments it makes are the same ones that the Court already overruled either on May 8, 2020 or in this opinion, regarding the untimeliness of the complaint, the defective issuance and service of the Subpoena and the attorney/client privilege. But the Fishman Motion does make one additional argument not raised in Ryan Fishman's email: that the Subpoena was exceptionally broad in scope for post-judgment discovery in such a small matter. Stated another way, Fishman questions whether Berke took reasonable steps to avoid placing an undue burden on Fishman when he issued the subpoena. It's arguably a good point. It does seem likely to the Court that such a broad request for documents — 27 separate detailed categories going back years — contributed to Fishman's reaction to the Subpoena. The Court overrules this objection because it was not

made timely, but it will take the broad scope of the Subpoena into consideration in determining what is a reasonable award of attorney fees for the Debtor.

At the hearing on June 5, 2020, Fishman broke down the amount of attorney fees it requested into two categories: an award of attorney fees incurred in preparing the Brief and the Fishman Motion and an award of attorney fees because Berke and the Debtor negotiated in bad faith following the Court's strong encouragement at the May 8, 2020 hearing to confer and negotiate in good faith to get this matter settled. The Court will deny the first category of requested attorney fees because the objections that Fishman made to the Subpoena in the Brief and the Fishman Motion lack merit for the reasons explained above.

The Court will also deny the second category of requested attorney fees relating to Berke's and the Debtor's alleged bad faith negotiations. The Court's admonition to the parties at the May 8, 2020 hearing to negotiate in good faith was made because it seemed to the Court that this small matter had mushroomed and the Court was fearful that both sides — each represented by experienced and skillful attorneys — had completely lost perspective. The Court did not intend its admonition to be a lever for yet more requests for sanctions. Unfortunately, the matter didn't settle. But the Court is not going to allocate blame for the failure of the parties to settle.

## Conclusion

The Subpoena's request for documents was probably overkill for such a small judgment. But it was properly issued and served, and Fishman did not timely raise any meritorious objections or grounds to quash it. Fishman did not have an adequate excuse not to comply. The Debtor was put to the expense of having to file the Debtor Motion to finally force Fishman to respond. The Court finds that a reasonable award of attorney fees for having to file that motion and attend the May 8, 2020 hearing is $700.00, representing two and one-half hours of Berke's time at his hourly rate of $280.00. That is a reasonable amount of time for the preparation of the Debtor Motion to obtain the show cause order to enforce Fishman's compliance with the Subpoena and to attend the May 8, 2020 hearing. The Court is not going to award the Debtor any attorney fees for responding to the Fishman Motion or for attending the brief hearing on June 5, 2020. None of that time is compensable under Rule 45(g) and the cases cited by the Debtor. Under the American Rule, those attorney fees must be borne by the Debtor.

The Court will not award any attorney fees to Fishman. That Fishman may have incurred a lot of attorney fees is attributable to the litigation choices that Fishman made, not to any sanctionable conduct by the Debtor or Berke. Fishman's litigation approach was basically to ignore the Debtor and Berke. No answer to the complaint, no payment of or appeal from the default judgment, no compliance with

the Subpoena, and no timely motion to quash the Subpoena. Fishman only took this matter seriously after the Court entered a show cause order on March 20, 2020.

Additionally, Fishman took some actions that seem to the Court to have unnecessarily made the problem worse. For example, Fishman didn't even bother to tell Berke that he had Lone Pine send a check to the Debtor to pay the default judgment on May 26, 2020 until filing a copy with the Court late in the evening before the adjourned hearing on June 5, 2020. Hard for the Court to understand this tactic. Moreover, that the check contained a restrictive endorsement, unknown to the Debtor's attorney of record, is, to say the least, discourteous.

For these reasons, the Court awards the Debtor $700.00 and makes no award to Fishman. The Court will enter two separate orders consistent with this opinion.

**Signed on June 22, 2020**



/s/ Phillip J. Shefferly
_____
**Phillip J. Shefferly**
**United States Bankruptcy Judge**